FILED
06 OCT 31 AM 9:01
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL ERIC ARNOLD, III, CDC #F-20445,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>SAN BERNARDINO POLICE DEP'T;<br>SAN BERNARDINO SHERIFF'S DEP'T;<br>OFFICER JIM BLACK;<br>DEPUTY D. WILSON,<br><br>　　　　　　Defendants. | Civil No.  06-2302 W (LSP)<br><br>ORDER TRANSFERRING CIVIL ACTION FOR LACK OF PROPER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION, PURSUANT TO 28 U.S.C. § 84(c)(1), 28 U.S.C. § 1391(b) AND 28 U.S.C. § 1406(a) |

　　Plaintiff, a prisoner currently incarcerated at the California Correctional Institute in Tehachapi, California, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff claims that various San Bernardino County Sheriff's and Police Department officials violated his constitutional rights while effecting his arrest on January 28, 2006. (Compl. at 1-5.)

　　Plaintiff has not prepaid the $350 civil filing fee mandated by 28 U.S.C. § 1914(a); instead he has filed an "Affidavit for Waiver of Government Claims Filing Fee and Financial Information Form (Request for Permission to Proceed *In Forma Pauperis*)" [Doc. No. 2].

///
///

## I.

## Lack of Proper Venue

Upon initial review of the Complaint, the Court finds that Plaintiff's case lacks proper venue. Venue may be raised by a court sua sponte where the defendant has not yet filed a responsive pleading and the time for doing so has not run. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488; *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district in or division in which it could have been brought." 28 U.S.C. § 1406(a).

Here, Plaintiff claims constitutional violations originally arising out of events which occurred in the City of San Bernardino, which is located in San Bernardino County, not San Diego or Imperial Counties. Moreover, all Defendants are alleged to reside in San Bernardino County; none are alleged to reside in San Diego or Imperial Counties. *See* Compl. at 2. Therefore, venue is proper in the Central District of California, Eastern Division, pursuant to 28 U.S.C. § 84(c)(1), not in the Southern District of California. *See* 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488.

///
///
///
///
///

## II.

## Conclusion and Order

Accordingly, **IT IS HEREBY ORDERED** that the Clerk of the Court shall transfer this case for lack of proper venue, in the interests of justice and for the convenience of all parties, to the docket of the United States District Court for the Central District of California, Eastern Division, pursuant to 28 U.S.C. § 84(c)(1), 28 U.S.C. § 1391(b) and 28 U.S.C. § 1406(a).[1]

DATED:   10/30/06

HON. THOMAS J. WHELAN
United States District Judge

---

[1] Because the Court finds transfer appropriate, it defers ruling on Plaintiff's Affidavit and Request to Proceed *In Forma Pauperis* [Doc. No. 2] to the Central District of California and expresses no opinion as to whether Plaintiff's Complaint alleges facts sufficient to survive the mandatory sua sponte screening provisions of 28 U.S.C. § 1915(e)(2) and § 1915A(b).